**UNITED STATES DISTRICT COURT**
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALPHONSO GUERRERO, IRENE GUERRERO, A.G., a minor by and through his guardian ad litem ALPHONSO GUERRERO, JEFF MCDOUGAL, CINDY MCDOUGALL, A.M., a minor by and through his guardian ad litem, JEFF MCDOUGAL, CLAY PLUMMER, JENNIFER PLUMMER, J.P., a minor by and through her guardian ad litem CLAY PLUMMER, JOHN REYNOLDS, CINDY REYNOLDS, P.R., a minor by and through her guardian ad litem JOHN REYNOLDS, PHILIP RODRIGUEZ, JENNIFER RODRIGUEZ, R.R., a minor by and through her guardian ad litem PHILIP RODRIGUEZ, TANIA STREETE, B.S., a minor by and through his guardian ad litem TANIA STREETE, K.G., a minor by and through his guardian ad litem SYLVIA GALLEGOS, L.L., a minor by and through his guardian ad litem JIM LARK,<br><br>Plaintiff(s),<br><br>v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, DINA HOLDER, LAURI JAMES, MERRILL GRANT, MARGARET KRUSE, MARGO OLSON, JEAN ANTHONY and DOES 1-30,<br><br>Defendant(s).<br>_____/ | No. C 13-03873 LB<br><br>**ORDER GRANTING PLAINTIFFS' MOTIONS FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[Re: ECF No. 18-24] |

C13-03873 LB
ORDER

**INTRODUCTION**

In this case, eight minor children, and the parents of those children, sued Defendants Brentwood Union School District, Dina Holder, Lauri James, Merrill Grant, Margaret Kruse, Margo Olson and Jean Anthony under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state laws. Complaint, ECF No. 1.[1] A.G. is the son of Alphonso Guerrero and Irene Guerrero; A.M. is the son of Jeff McDougal and Cindy McDougal; J.P. is the son of Clay Plummer and Jennifer Plummer; P.R. is the daughter of John Reynolds and Cindy Reynolds; R.R. is the daughter of Philip Rodriguez and Jennifer Rodriguez; B.S. is the son of Tania Streete; K.G. is the son of Sylvia Gallegos; and L.L. is the son of Jim Lark. *Id*. at 2-3, ¶¶ 3, 6, 9, 12, 15, 18, 20, 22. The gist of their complaint is that Ms. Holder, who was the children's teacher, subjected them to verbal and physical abuse during class, that they suffered physical and emotional injuries as a result, and that Ms. James, who is the principal of the school, and the District responded to the incident improperly. *See* Complaint, ECF No. 1 at 5-9, ¶¶ 35-66. Plaintiffs, with the exception of Ms. Gallegos and her son K.G., have separately moved for Alphonso Guerrero, Jeff McDougal, Clay Plummer, John Reynolds, Phillip Rodriguez, Tania Streete, and Jim Clark's (hereafter, "the parents") appointments as guardian ad litem for A.G., A.M., J.P., P.R., R.R., B.S., and L.L (hereafter, "the children"), respectively. Motion (Guerrero), ECF No. 18; Motion (Plummer), ECF No. 19; Motion (Rodriguez), ECF No. 20; Motion (Reynolds), ECF No. 21; Motion (McDougal), ECF No. 22; Motion (Streete), ECF No. 23; Motion (Lark), ECF No. 24. No party has opposed the motions.

**LEGAL STANDARD**

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C13-03873 LB
ORDER 2

action." Fed. R. Civ. P. 17(c)(2).[2]

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a). In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 54 Cal. Rptr. 3d at 23.

## DISCUSSION

A.G. is the nine year-old son of Alphonso Guerrero. Complaint, ECF No. 1 at 2, ¶¶ 3; Guerrero Declaration, ECF No. 18-1 at 1, ¶ 1.

J.P. is the eight year-old son of Clay Plummer. Complaint, ECF No. 1 at 3, ¶¶ 9; Plummer Declaration, ECF No. 19 at 1, ¶ 1.

R.R. is the seven year-old daughter of Phillip Rodriguez. Complaint, ECF No. 1 at 3, ¶¶ 15; Rodriguez Declaration, ECF No. 20 at 1, ¶ 1.

---

[2] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy*, 954 F.Supp. 1306, 1309 (E.D. Wis.1996), *aff'd*, 124 F.3d 893, 896-97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)).

P.R. is the seven year-old daughter of John Reynolds. Complaint, ECF No. 1 at 3, ¶¶ 12; Reynolds Declaration, ECF No. 21 at 1, ¶ 1.

A.M. is the nine year-old son of Jeff McDougal. Complaint, ECF No. 1 at 2, ¶¶ 6; McDougal Declaration, ECF No. 22 at 1, ¶ 1.

B.S. is the eight year-old son of Tania Streete. Complaint, ECF No. 1 at 3, ¶¶ 18; Streete Declaration, ECF No. 23 at 1, ¶ 1.

L.L. is the eight year-old son of Jim Lark. Complaint, ECF No. 1 at 3, ¶¶ 24; Lark Declaration, ECF No. 24 at 1, ¶ 1.

Because the children all are under the age of eighteen, they are minors under California law. Cal. Fam. Code § 6502. As minors, their ability to bring suit is contingent upon appointment by the court of a guardian ad litem. The parents may serve as their guardian ad litem so long as they do not have an interest adverse to the children's interests.

Upon review of the complaint and the Plaintiffs' motions and supporting declarations, the court finds that the parents have no adverse interests to the children. The parents brought this action on behalf of their minor children, and to the extent that they bring claims on behalf of themselves (such as their claim that their Fourteenth Amendment rights were violated due to Defendants' response to the incident), the court finds them not to be in conflict with the children's claims. Therefore, the parents' appointments as guardian ad litem for their children is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."); *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), *rev'd on other grounds by* No. 09-16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

**CONCLUSION**

Based on the foregoing, Plaintiffs' motions are **GRANTED**. The court hereby appoints Alphonso Guerrero as the guardian ad litem for A.G.; Clay Plummer as the guardian ad litem for J.P.; Phillip Rodriguez as the guardian ad litem for R.R.; John Reynolds as the guardian ad litem for P.R.; Jeff McDougal as the guardian ad litem for A.M.; Tania Streete as the guardian ad litem for B.S.; and Jim Lark as guardian ad litem for L.L.

This disposes of ECF No. 18-24.

**IT IS SO ORDERED.**

Dated: November 4, 2013

_____
LAUREL BEELER
United States Magistrate Judge