UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ALPHONSO GUERRERO, IRENE GUERRERO, A.G., a minor by and through his guardian ad litem ALPHONSO GUERRERO, JEFF MCDOUGAL, CINDY MCDOUGALL, A.M., a minor by and through his guardian ad litem, JEFF MCDOUGAL, CLAY PLUMMER, JENNIFER PLUMMER, J.P., a minor by and through her guardian ad litem CLAY PLUMMER, JOHN REYNOLDS, CINDY REYNOLDS, P.R., a minor by and through her guardian ad litem JOHN REYNOLDS, PHILIP RODRIGUEZ, JENNIFER RODRIGUEZ, R.R., a minor by and through her guardian ad litem PHILIP RODRIGUEZ, TANIA STREETE, B.S., a minor by and through his guardian ad litem TANIA STREETE, K.G., a minor by and through his guardian ad litem SYLVIA GALLEGOS, L.L., a minor by and through his guardian ad litem JIM LARK,<br><br>Plaintiffs,<br><br>v.<br><br>BRENTWOOD UNION SCHOOL DISTRICT, DINA HOLDER, LAURI JAMES, MERRILL GRANT, MARGARET KRUSE, MARGO OLSON, JEAN ANTHONY and DOES 1-30,<br><br>Defendants.<br>_____/ | No. C 13-03873 LB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM**<br><br>[Re: ECF No. 44] |

C13-03873 LB
ORDER

# INTRODUCTION

In this case, eight minor children, and the parents of those children, sued Defendants Brentwood Union School District, Dina Holder, Lauri James, Merrill Grant, Margaret Kruse, Margo Olson and Jean Anthony under 42 U.S.C. § 1983 for violation of their Fourth and Fourteenth Amendment rights and other state laws. Complaint, ECF No. 1.[1] A.G. is the son of Alphonso Guerrero and Irene Guerrero; A.M. is the son of Jeff McDougal and Cindy McDougal; J.P. is the son of Clay Plummer and Jennifer Plummer; P.R. is the daughter of John Reynolds and Cindy Reynolds; R.R. is the daughter of Philip Rodriguez and Jennifer Rodriguez; B.S. is the son of Tania Streete; K.G. is the son of Sylvia Gallegos; and L.L. is the son of Jim Lark. *Id*. at 2-3, ¶¶ 3, 6, 9, 12, 15, 18, 20, 22. The gist of their complaint is that Ms. Holder, who was the children's teacher, subjected them to verbal and physical abuse during class, that they suffered physical and emotional injuries as a result, and that Ms. James, who is the principal of the school, and the District responded to the incident improperly. *See* Complaint, ECF No. 1 at 5-9, ¶¶ 35-66. Plaintiffs, with the exception of Ms. Gallegos and her son K.G., had separately moved for Alphonso Guerrero, Jeff McDougal, Clay Plummer, John Reynolds, Phillip Rodriguez, Tania Streete, and Jim Clark's appointments as guardian ad litem for A.G., A.M., J.P., P.R., R.R., B.S., and L.L, respectively. Motion (Guerrero), ECF No. 18; Motion (Plummer), ECF No. 19; Motion (Rodriguez), ECF No. 20; Motion (Reynolds), ECF No. 21; Motion (McDougal), ECF No. 22; Motion (Streete), ECF No. 23; Motion (Lark), ECF No. 24. On November 4, 2013, the court granted their motions. Order, ECF No. 27. Now, Ms. Gallegos moves to be appointed as guardian ad litem for K.G. Motion (Gallegos), ECF No. 44. No party has opposed the motion.

# LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C13-03873 LB
ORDER                                    2

action." Fed. R. Civ. P. 17(c)(2).[2]

An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502. A minor may bring suit as long as a guardian conducts the proceedings. Cal. Fam. Code § 6601. The court may appoint a guardian ad litem to represent a minor's interests in the litigation. Cal. Code Civ. P. § 372(a). In making the determination concerning the appointment of a particular guardian ad litem, the court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

"'When there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Williams v. Super. Ct.*, 54 Cal. Rptr. 3d 13, 22-23 (Cal. Ct. App. 4th 2007) (citing *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams*, 54 Cal. Rptr. 3d at 23.

## DISCUSSION

K.G. is the ten year-old son of Sylvia Gallegos. Complaint, ECF No. 1 at 3, ¶ 20; Gallegos Declaration, ECF No. 44-1 at 1, ¶ 1. Because K.G. is under the age of eighteen, he is a minor under California law. Cal. Fam. Code § 6502. As a minor, his ability to bring suit is contingent upon appointment by the court of a guardian ad litem. A parent may serve as his guardian ad litem so long as the parent does not have an interest adverse to the child's interests.

Upon review of the complaint and Ms. Gallegos's motion and supporting declaration, the court

---

[2] "A 'next friend' who initiates suit in federal court bears the burden of proving his suitability according to three general factors that are independent of the law of the forum state. These factors are: 1) an adequate explanation of why the minor may not bring suit himself; 2) a true dedication to the best interest of the minor; and 3) some significant relationship with the minor." *Anthem Life Ins. Co. v. Olguin*, No. 1:06-cv-01165, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007) (citing *T.W. v. Brophy*, 954 F.Supp. 1306, 1309 (E.D. Wis.1996), *aff'd*, 124 F.3d 893, 896-97 (7th Cir. 1997)). "It appears to be the common practice to appoint a parent to act as next friend for a child." *Anthem Life Ins. Co.*, 2007 WL 1390672, at *2 (citing *Gonzalez v. Reno*, 212 F.3d 1338, 1352 (11th Cir. 2000)).

finds that Ms. Gallegos has no adverse interests to K.G. Ms. Gallegos brought this action solely on behalf of her minor child, and thus the court finds no conflict with K.G.'s claims. Complaint, ECF No. 1 at 3, ¶ 20. Therefore, her appointment as guardian ad litem for K.G. is appropriate. *See Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest."); *see also Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd* 212 F.3d 1338 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."); *Robidoux v. Wacker Family Trust*, No. CIVS-06-2334 LKK-DAD, 2009 WL 1531785, at *1 (E.D. Cal. May 29, 2009), *rev'd on other grounds by* No. 09-16674, 2011 WL 1136241 (appointing plaintiff mother as guardian ad litem for plaintiff children in housing discrimination case).

## CONCLUSION

Based on the foregoing, Ms. Gallegos's motion is **GRANTED**. The court hereby appoints Sylvia Gallegos as the guardian ad litem for K.G.

This disposes of ECF No. 44.

**IT IS SO ORDERED.**

Dated: March 17, 2014

_____
LAUREL BEELER
United States Magistrate Judge